# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| BONNIE MEYER, JACQUELINE OLSON, and MARY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>    Defendant. | Case No.: 18-cv-214<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Bonnie Meyer is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Jacqueline Olson is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Plaintiff Mary Schneider is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

6. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

7. Defendant Portfolio Recovery Associates, LLC ("PRA") is a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, Virginia 23502. It is a subsidiary of PRA Group, Inc. ("PRA Group"), a publicly traded company and one of the largest debt collectors in the United States.

8. PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

10. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see Barbato v. Greystone All., LLC*, Civil Action No. 3:13-2748, 2017 U.S. Dist. LEXIS 172984 (M.D. Pa. Oct. 19, 2017); *Tepper v. Amos Fin., LLC*, No. 15-cv-5834, 2017 U.S. Dist. LEXIS 127697 *20-22 (E.D. Pa. Aug. 9, 2017) ("the statute provides two possible paths for a plaintiff to prove that a particular defendant is a 'debt collector.' Subject to certain exceptions not relevant here, the defendant will be a debt collector if either (1) its 'principal

purpose . . . is the collection of any debts,' or (2) it 'regularly collects or attempts to collect . . . debts owed or due . . . another.'").

11. The primary purpose of PRA's business, and PRA's principal purpose, is the collection of consumer debts. *See, eg. Mitchell v. LVNV Funding, LLC*, No. 2:12-CV-523-TLS, 2017 U.S. Dist. LEXIS 206440 *16 (N.D. Ind. Dec. 15, 2017) ("'[t]here is no business purpose in purchasing charged off debts if the ultimate goal is not to collect them,' and that '[d]ebt buyers don't buy debts to use them as wallpaper, but to turn them into money'" (citing Pl.'s Reply Br.)).

12. PRA Group's 10k form, filed with the SEC on or around December 31, 2016, states:

> Our primary business is the purchase, collection and management of portfolios of nonperforming loans that have been charged-off by the credit grantor. The accounts we acquire are primarily the unpaid obligations of individuals owed to credit grantors, which include banks and other types of consumer, retail, and auto finance companies.

13. In addition to telephone and mail-based debt collection activities, PRA is a frequent litigant in Wisconsin courts. A general search on Wisconsin Circuit Court Access ("CCAP") for PRA returns the error message: "Your request could not be processed. Your search has returned more than 5000 rows. Please try again." CCAP shows that PRA *filed* 220 small claims actions in Milwaukee County in January 2018 alone. Upon information and belief, virtually all or actually all of those cases are collection actions against Wisconsin consumers.

14. PRA is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3). By its own admission and actions, its principal purpose is the collection of debts.

## FACTS

### *Meyer Letter*

15. On or about May 17, 2017, PRA mailed a debt collection letter to Plaintiff Meyer regarding an alleged credit card debt. A copy of this letter is attached to this complaint as Exhibit A.

16. Exhibit A states: "Original Creditor: HSBC BANK NEVADA N.A." ("HSBC"), and that the "Creditor to Whom Debt is Owed" is "Portfolio Recovery Associates, LLC."

17. Exhibit A is the first written communication PRA sent to Meyer regarding the alleged debt referenced in Exhibit A.

18. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Meyer inserted by computer.

19. Upon information and belief, Exhibit A is a form debt collection letter used by PRA to attempt to collect alleged debts.

20. Exhibit A lists the address of the original creditor, HSBC, directly above the statement of the creditor to whom the debt is owed as follows:

```
Seller: CAPITAL ONE N.A.
Original Creditor: HSBC BANK NEVADA N.A.
Original Creditor Address: 26525 N. RIVERWOODS BLVD, SUITE 100, METTAWA IL 60045
Creditor to Whom Debt is Owed: Portfolio Recovery Associates, LLC.
```

21. Upon information and belief, the alleged debt that PRA was attempting to collect was a personal credit card account, originally issued by HSBC and currently owned by PRA, and used only for personal, family or household purposes.

22. HSBC and PRA are two distinct business entities.

*Olson Letter*

23. On or about July 10, 2017, PRA mailed a debt collection letter to Plaintiff Olson regarding an alleged credit card debt. A copy of this letter is attached to this complaint as Exhibit B.

4

24. <u>Exhibit B</u> states: "Original Creditor: SYNCHRONY BANK." ("Synchrony"), and that the "Creditor to Whom Debt is Owed" is "Portfolio Recovery Associates, LLC."

25. <u>Exhibit B</u> is the first written communication PRA sent to Olson regarding the alleged debt referenced in <u>Exhibit B</u>.

26. Upon information and belief, <u>Exhibit B</u> is a form letter, generated by computer, and with the information specific to Olson inserted by computer.

27. Upon information and belief, <u>Exhibit B</u> is a form debt collection letter used by PRA to attempt to collect alleged debts.

28. <u>Exhibit B</u> lists the address of the original creditor, Synchrony, directly above the statement of the creditor to whom the debt is owed as follows:

```
Seller: SYNCHRONY BANK
Merchant: JC PENNEY
Original Creditor: SYNCHRONY BANK
Original Creditor Address: P.O. BOX 965033, ORLANDO FL 32896-5033
Creditor to Whom Debt is Owed: PORTFOLIO RECOVERY ASSOCIATES, LLC
```

29. Upon information and belief, the alleged debt that PRA was attempting to collect was a personal credit card account, originally issued by Synchrony and currently owned by PRA, and used only for personal, family or household purposes.

30. Synchrony and PRA are two distinct business entities.

### *Schneider Letters*

31. On or about December 28, 2016, Comenity Bank mailed a letter to Plaintiff Schneider regarding an alleged credit card debt. A copy of this letter is attached to this complaint as <u>Exhibit C</u>.

32. <u>Exhibit C</u> states:

5

> Balance At Time Of Sale: $676.85
> Account Ending In: 0198
>
> Dear MARY SCHNEIDER,
>
> As of Dec 12, 2016, your Boston Store account, which was issued by and owned by Comenity Bank (Comenity), was closed and charged-off.
>
> As the new owner of the account, Portfolio Recovery Associates, LLC is entitled to pursue the collection activities to collect the unpaid balances on your charged-off account, now due to Portfolio Recovery Associates, LLC. All future communications regarding this account will be initiated by Portfolio Recovery Associates, LLC and/or their collection servicers.
>
> All future questions, correspondence and outstanding payments associated with this account should be directed to:
>
> > Portfolio Recovery Associates, LLC
> > P.O. Box 12914
> > Norfolk, VA 23541-1223
> > 1-800-772-1413
> > www.portofliorecovery.com

33. On or about February 24, 2017, PRA mailed a debt collection letter to Plaintiff Schneider regarding the same alleged credit card debt as referenced in Exhibit C. A copy of this letter is attached to this complaint as Exhibit D.

34. Exhibit D is the first written communication PRA sent to Schneider regarding the alleged debt referenced in Exhibit D.

35. Upon information and belief, Exhibit D is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

36. Upon information and belief, Exhibit D is a form debt collection letter used by PRA to attempt to collect alleged debts.

37. Exhibit D states:

> PRA, LLC purchased account ███████ 0198 on 12/29/2016. All future payments and correspondence for this account, including credit counseling service payments, should be directed to us.

38. Exhibit D also includes the "original creditor address."

> Original Creditor Address: ONE RIGHTER PKWY SUITE 100, WILMINGTON DE 19803

### FDCPA Violations

39. Exhibit A lists HSBC's address directly above PRA's name on Exhibit A.

6

40. <u>Exhibit B</u> lists Synchrony's address directly above PRA's name on <u>Exhibit B</u>.

41. <u>Exhibit D</u> lists Comenity's address directly above PRA's name on <u>Exhibit D</u>.

42. Listing the original creditors' respective addresses on <u>Exhibits A, B and D</u> directly above PRA's name when PRA also represents that the debt has been assigned to PRA is a material false, misleading or confusing statement.

43. The unsophisticated consumer does not understand the distinction between a debt being sold, servicing rights being sold or assigned to another party, and a creditor hiring a debt collector to collect on the creditor's behalf, as such details are beyond "rudimentary" knowledge of the financial world. The consumer would, at a minimum, be confused as to who actually owned the debt.

44. The unsophisticated consumer could consequently mistakenly attempt to contact the original creditor with questions, make payments to the wrong business entity, or write to the original creditor to dispute or verify the debt.

45. If the consumer sent a check to HSBC, Synchrony or Comenity instead of PRA, the payment would not satisfy the alleged debt owed to the correct creditor, PRA, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

46. In addition, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

47. Additionally, if the consumer wrote to HSBC's, Synchrony's or Comenity's address to dispute the debt or request verification, because HSBC, Synchrony and Comenity no longer own the respective debts, the dispute or verification request would be futile and the thirty

7

Case 2:18-cv-00214-NJ    Filed 02/09/18    Page 7 of 15    Document 1

day window to dispute or request verification with PRA would likely pass before the consumer became aware of the error. The unsophisticated consumer would miss out on being able to validate the debt.

48. Including the address of a former creditor, who retains no interest in the debt but who is undoubtedly more familiar to the consumer than the debt collector, overshadows the FDCPA debt validation notice. For this very reason, the FDCPA specifically requires that the debt collector provide, in writing, the following notice: "a statement that, *upon the consumer's written request* within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(5).

49. Exhibits A, B and D fail to clearly and unambiguously inform the unsophisticated consumer that, in order to invoke his or her right to require PRA to cease most collection activities until they provide verification of the debt, the consumer must make the request to PRA in writing. 15 U.S.C. § 1692g(a)(4), 1692g(a)(5).

50. The practical effect of the providing the address of the original creditor so prominently in the letter next to the name of the current creditor and debt collector is to discourage consumers from disputing debts in writing with PRA and instead send them to the wrong address.

51. Moreover, Exhibit D is confusing as it falsely states that PRA purchased Schneider's account on "December 29, 2016." Comenity actually sold the account to PRA sometime between December 12, 2016 and December 28, 2016. Exhibit C.

8

52. It is confusing and misleading to the unsophisticated consumer who owned the debt on which dates between December 12, 2016 and February 24, 2017, when Exhibit D was allegedly mailed.

53. PRA did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

54. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 2016 U.S. App. LEXIS 6361 *15-16 (7th Cir. Apr. 7, 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

55. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e and 1692e(10), Defendant's violations are material violations of the FDCPA. A consumer who attempts to exercise validation rights with the wrong business entity at the wrong address does not effectively invoke his or her rights under 15 U.S.C. § 1692g(b):

> (b) **Disputed debts**
> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

9

> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

56. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

57. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

58. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

59. Plaintiffs were confused by <u>Exhibits A, B and D</u>.

60. The unsophisticated consumer would be confused by <u>Exhibits A, B and D</u>.

61. Plaintiffs had to spend time and money investigating <u>Exhibits A, B and D</u>.

62. Plaintiffs had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiffs on the consequences of <u>Exhibits A, B and D</u>.

63. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers'

allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing,

even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

64. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

65. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

66. <u>Exhibits A, B and D</u> fail to unambiguously inform the consumer that, in order to invoke his or her right to obtain validation of the debt, the consumer must make the request in writing to PRA, not the original creditor. 15 U.S.C. § 1692g(a)(4), g(a)(5).

67. Defendant violated 15 U.S.C. §§ 1692g, 1692g(a), and 1692g(b).

## COUNT II – FDCPA

68. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

69. <u>Exhibits A, B and D</u> list the address of the original creditor of the debt next to the name of the current owner of the debt.

70. The language in PRA's letter is false, misleading and confusing to the unsophisticated consumer.

71. Including the address of the former creditor who has no interest in the alleged debt misleads the consumer into directing disputes to the wrong party.

72. If the unsophisticated consumer sent payment to the listed address, the payment would not satisfy the alleged debt owed to the correct creditor, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

73. Defendant has therefore violated 1692e, 1692e(2) and 1692e(10).

## COUNT III – FDCPA

74. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

75. Count III is brought on behalf of Plaintiff Schneider.

76. Exhibit D falsely states the date on which PRA purchased Schneider's account from Comenity.

77. The unsophisticated consumer would be misled as to who owned the debt and to which address to send payment.

78. Defendant has therefore violated 1692e, 1692e(2) and 1692e(10).

## CLASS ALLEGATIONS

79. Plaintiffs bring this action on behalf a class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by Exhibits A, B and/or D to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between February 9, 2017 and February 9, 2018, inclusive, (e) that was not returned by the postal service.

80. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

81. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692g, 1692g(a), 1692g(b).

82. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

83. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

84. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

85. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated:  February 9, 2018

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

15